UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHEN FLANAGAN, as Trustee of the General
Building Laborers' Local 66 Pension Fund, et al.,

                      Plaintiffs,

                                                                   **REPORT AND**
                                                                   **RECOMMENDATION**
                -against-                                CV 10-2271 (ADS)(ARL)

CAPITOL INTERIOR & EXTERIOR DESIGN,
INC. and BLAIR ROCCHIO,

                      Defendants.
----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs. On November 15, 2010, the plaintiffs, the trustees of the General Building Laborers' Pension, Welfare, Annuity, Employer Cooperative and Educational Trust, Greater New York Laborers' Employer Cooperative and Educational Trust, Training Program, and New York State Health and Safety Funds and the business manager of the Laborers' International Union of North America ("the Funds"), moved for a default judgment against the defendants Capitol Interior & Exterior Design and Blair Roccio. On November 16, 2010, the Clerk of the Court entered a notation of default in this matter and, on November 19, 2010, Judge Spatt entered a default judgment against the defendants. By order dated May 24, 2011, the undersigned directed the plaintiffs to file papers in support of their damages, which they have done.

       Based on the evidence submitted, the undersigned recommends that damages be awarded in the amount of $8,612.05, comprising of $6,807.75 in unpaid fringe benefit contributions, $727.15 in interest, $727.15 in liquidated damages and $350 in costs.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, the documentary evidence submitted by the plaintiffs provides the basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

<u>The Trustees' Claim for Damages</u>

The defendants were signatories to the General Building Laborers' Local Union No. 66 Trade Agreement dated July 1, 2008 to June 30, 2011. *See* Menechino Aff., Ex. C. The complaint alleges that the defendants failed and refused to make payments owed to the plaintiffs pursuant to that agreement. *See* Complaint ¶¶ 13, 15, 19, 21, 23, 25, 27 and 29. In her affidavit, counsel for the plaintiffs further clarifies that the defendants failed to make necessary contributions to the Funds from August 17, 2008 to October 1, 2008. *See* Menechino Aff. at ¶ 5. A spreadsheet, which was generated during the normal course of business by the Funds, has been provided to the court and reflects that $6,807.75 is due and owing. *See* Menechino Aff., Ex. B. Thus, the undersigned recommends that the plaintiffs be awarded delinquent contributions in the

amount of $6,807.75.  *See* 29 U.S.C. § 1132(g)(2).

ERISA section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), mandates an award of interest on unpaid contributions.  Here, the plaintiffs have based their interest calculations on Article Six, Section 6(f)(B) of the Agreement, which provides that "interest on unpaid contributions [shall be] determined by using the rate prescribed under Section 6621 of Title 26 of the United States Code."  Section 6621(a)(2) provides, in pertinent part, that the "underpayment rate . . . shall be the sum of - - (A) the Federal short-term rate . . ., plus (B) 3 percentage points."  The underpayment rate was 5% for the relevant time period.  Based on this provision, the plaintiffs seek $727.15.  Accordingly, the undersigned recommends that the plaintiffs be awarded interest in the amount of $727.15.

ERISA section 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c), also allows for an award of statutory damages equal to the greater of interest on unpaid contributions or liquidated damages provided for in the plan not to exceed 20 percent of the unpaid contributions.  The Collective Bargaining Agreement provides however that interest on unpaid contributions will also be paid as liquidated damages.  *See* Article Six, Section 6(f)(C), Ex. C to Menechino Aff.[1]  Accordingly, the plaintiffs are entitled to liquidated damages in an amount equal to the interest on the unpaid contributions, here, $727.15.

Attorneys' Fees and Costs

The Trustees are also entitled to reasonable attorneys' fees pursuant to the Agreement and 29 U.S.C. §1132(g)(1).  In fact, 29 U.S.C. §1132(g)(2) "mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the

---

[1] The interest language set forth in counsel's affidavit is inconsistent with the language found in the agreement.

[collective bargaining agreement]." *Local 348 Health & Welfare Fund v. Milmar Food Group, L.L.C.,* 2006 U.S. Dist. LEXIS 19756 * 14 (E.D.N.Y March 24, 2006)(adopted on April 19, 2006 (ARR)). The Second Circuit has recently clarified the fee-calculation rules and it is with these clarified rules in mind that the court will determine the appropriateness of the fee to be awarded. *See Arbor Hill Concerned Citizens v. County of Albany,* 2008 WL 961313 (2d Cir. April 10, 2008), amending 493 F.3d 110, 117 (2d Cir. 2007), amending 484 F.3d 162 (2d Cir. 2007).

The party seeking reimbursement still bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally, New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. *Id.* at 1147–48. In support of the request for attorneys' fees, the Trustees submitted the Affidavit of Alicia Menechino to which she attached a handwritten sheet that includes dates and work performed and perhaps the time spent during the pendency of this action. However, there is nothing to suggest that this sheet is a contemporaneous time record. Based on the Second Circuits decision in *New York State Ass'n for Retarded Children, Inc. v. Carey,* the court must, therefore, deny the Trustees' request for an award of attorneys' fees based on their failure to properly document the application. *Id.* ("any attorney -- whether a private practitioner or an employee of a nonprofit law office – who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records."). In addition, the plaintiffs have not provided any documentation to support their request for costs. Nonetheless, the court will take judicial notice of the court's filing fee and award the plaintiffs $350.00 in costs.

# OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 7, 2011

/s/
ARLENE R. LINDSAY
United States Magistrate Judge