**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------- X
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;           **ORDER**
STEPHEN FLANAGAN, as a Trustee of the GENERAL       10-CV-2271 (ADS) (ARL)
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST
FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 GREATER NY
LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a
Trustee of the GENERAL BUILDING LABORERS' LOCAL 66
TRAINING PROGRAM; STEPHEN FLANAGAN, as a Trustee
of the GENERAL BUILDING LABORERS' LOCAL 66 NEW
YORK STATE HEALTH AND SAFETY FUND; STEPHEN
FLANAGAN, as a Business Manager of  GENERAL
BUILDING LABORERS' LOCAL UNION NO. 66 of the
LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,

                                             Plaintiffs,

       -vs.-

CAPITOL INTERIOR & EXTERIOR DESIGN, INC. and
BLAIR ROCCHIO
                                      Defendants.
----------------------------------------------------------------------------X

**APPEARANCES:**

**Law Offices of William T. LaVelle, P.C.**
*Attorneys for the plaintiffs*
The LaVelle Building
57 East Main Street
Patchogue, NY 11772
      By:  Alicia M. Menechino, Esq., Of Counsel

**NO APPEARANCE:**
Capital Interior & Exterior Design, Inc.
Blair Rocchio

**SPATT, District Judge.**

On November 19, 2010, the Court referred this matter to United States Magistrate Judge Arlene R. Lindsay for a report and recommendation as to the amount of damages, attorneys' fees, and costs to be awarded following the entry of a default judgment against the Defendants Capital Interior & Exterior Design, Inc. and Blair Rocchio. On July 7, 2011, Judge Lindsay issued a thorough Report recommending that "damages be awarded in the amount of $8,612.05, comprising of $6,807.75 in unpaid fringe benefit contributions, $727.15 in interest, $717.15 in liquidated damages and $350 in costs".

On July 7, 2011, the plaintiffs submitted a letter directed to the Clerk of the Court objecting to the Report's denial of their request for attorney's fees. On July 15, 2011, this Court sent a letter to the plaintiffs informing them their objection would not be considered because they did not conform to the Court's Individual Rules governing the format of objections from Magistrate Judge decisions. The Court further stated that if they wished to have the Court consider the objection, they must resubmit it in conformance with the Court's Individual Rules. To date, the plaintiffs have not resubmitted their objection to the Report, and there have been no other objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed

Judge Lindsay's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Lindsay's Report, it is hereby

**ORDERED**, that Judge Lindsay's Report and Recommendation is adopted in its entirety. The Court awards the plaintiffs: (1) $6,807.75 in unpaid fringe benefit contributions; (2) $727.15 in interest; (3) $717.15 in liquidated damages; and (4) $350 in costs for a total award of $8,612.05, and it is further

**ORDERED**, that the Clerk of the Court shall enter a judgment for the Plaintiff in the total amount of $8,612.05, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 9, 2011

                                                            _/s/ Arthur D. Spatt_
                                                           ARTHUR D. SPATT
                                                           United States District Judge